## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-02432-DME-MJW

ANDREW TECHMANSKI,

      Plaintiff

v.

QUANTA FIELD SERVICES, LLC, and
QUANTA POWER, INC.,

      Defendants

---

## STIPULATED PROTECTIVE ORDER
## CONCERNING CONFIDENTIAL INFORMATION
( Docket no 28-1 )

---

Plaintiff, Andrew Techmanski ("Plaintiff"), and Defendants Quanta Field

Services, Inc. and Quanta Power, Inc. (together, "Quanta" or "Defendants") (collectively,

the "Parties"), through their undersigned counsel, stipulate as follows for an order,

pursuant to Federal Rule of Civil Procedure 26(c), that confidential information be

disclosed only in the designated ways:

   1.    As used in this Protective Order, these terms have the following meanings:

      a.    "Action" means the case styled *Andrew Techmanski v. Quanta Field*

         *Services, Inc. and Quanta Power, Inc.* Case No. 15-CV-02432-

1

DME-MJW, in the United States District Court for the District of

Colorado.

b.    "Attorneys" means in-house counsel, and outside counsel of record

representing or advising a Party in the Action.

c.    "Documents" are all materials within the scope of Fed. R. Civ. P. 34.

d.    "Confidential" Documents are Documents designated pursuant to

paragraph 2, below.

e.    "Party" or "Parties" means the Plaintiff and Defendants in this

action.

f.    "Written Notification" and/or "Notice to Counsel" as required under

the terms of this Protective Order shall with respect to Plaintiff

require that such notice be delivered to: Marcel A. Quinn, Hammer

& Quinn, PLLC: 100 Financial Drive, Suite 100 P.O. Box 7310,

Kalispell, MT 59904-0310, marcelquinn@attorneysmontana.com,

and Mari Newman, Killmer, Lane & Newman, LLP, 1543 Champa

Street, Suite 400 Denver, CO 80202, mnewman@kln-law.com; and

with respect to Defendants, to Stephen D. Bell, Dorsey & Whitney

LLP, 1400 Wewatta Street, Suite 400, Denver, Colorado, 80202,

bell.steve@dorsey.com.

g.     "Written Assurance" means an executed Document in the form

attached hereto as Exhibit A.

2.     A Party may designate a Document (including interrogatory responses,

other discovery responses, and transcripts) "Confidential" to protect

information within the scope of Fed. R. Civ. P. 26(c)(1)(G) where the

designating Party in good faith believes the Document contains

confidential, financial, medical, proprietary, or commercially sensitive

information.  A Document shall not be designated Confidential where the

Document shows on its face to have been disseminated to the public.

Documents shall be designated Confidential at or prior to the time of

production of the documents by stamping or otherwise marking the

documents as Confidential on each page of the document to be deemed

confidential, or, in the case of depositions, as provided in paragraph 10

below.  A Party may designate Documents produced in an electronic format

as Confidential by placing a confidentiality marking on the disk or device on which the Documents are produced.

3.　A Party receiving Documents designated Confidential may object to that designation and request the removal of such designation as outlined under the procedures set forth under paragraph 14 of this Protective Order.

4.　All Confidential Documents, along with the information contained in those Documents, shall be used solely for the purpose of this Action and no other separate proceeding of any kind. No Party receiving such Documents shall, directly or indirectly, use, transfer, disclose, publicize, promote, or communicate in any way the Documents or their contents to any person other than those specified in paragraphs 5 or 6 of this Protective Order. Any other use is prohibited.

5.　Access to any Confidential Document shall be limited to:

a.　The Court and its staff;

b.　A court of competent jurisdiction in a proceeding by a Party made in connection with this Action (e.g., a subpoena made to obtain

Documents for use in this Action), provided that the Party disclosing the Documents designated Confidential submit them under seal;

c.   The named Parties in the action (including officers, directors, employees and agents of the named Parties who are assisting in the litigation);

d.   The Attorneys and their law firms, including support staff;

e.   The author, recipient, or custodian of the Document;

f.   Any person from whom noticed testimony is or will be taken at deposition or trial (and their counsel) to the extent reasonably necessary in connection with their testimony, provided that such person agrees under oath to be bound to the terms of the Protective Order prior to being presented such information;

g.   Any person who the Attorneys believe may be a potential witness in this Action who has executed the Written Assurance;

h.   Professional vendors (including outside information technology, photocopying, data processing, graphic production, document management, investigators, and litigation support employed by the

Parties or their Attorneys to assist in this action), court reporters and videographers, messengers, and other providers of clerical services;

i.   Outside independent persons (i.e., persons not currently employed by, consulting with, or otherwise associated with any Party) who are retained by a Party or its Attorneys to provide assistance such as mock jurors, focus group members or the like, who have executed the Written Assurance;

j.   Outside independent persons (i.e., persons not currently employed by, consulting with, or otherwise associated with any Party) who are retained by a Party or its Attorneys to furnish technical or expert services, and/or to give expert testimony in this action, who have executed the Written Assurance; and

k.   Special masters, mediators, or other third parties retained by the Parties for settlement purposes or resolution of discovery disputes.

6.   Attorneys to the Party that provides Confidential information to such persons as listed above for which a Written Assurance must be executed (*i.e.*, ¶¶ 5(g), (i)-(j)) shall maintain the Written Assurance in its files until such time as the Attorneys to the Party are no longer required to maintain

Confidential Information following the termination of this litigation,
including any appeals.

7.     All depositions or portions of depositions taken in this Action that contain
Confidential information may be designated Confidential and thereby
obtain the protections accorded other such Documents.  Confidentiality
designations for depositions shall be made either on the record or by written
notice to the other Party within 14 days of receipt of the transcript.  Unless
otherwise agreed, depositions shall be treated as Confidential during the 14-
day period following receipt of the transcript.  The deposition of any
witness (or any portion of such deposition) that encompasses Confidential
information shall be taken only in the presence of persons who are qualified
to have access to such information.

8.     Any Party who inadvertently fails to identify Documents as Confidential
shall, within 14 days from the discovery of its oversight, provide written
notice of the error to the receiving Party.  The designating Party shall
substitute appropriately-designated Documents within 14 days.  Any Party
receiving such improperly-designated Documents shall make reasonable
efforts to retrieve such Documents from persons not entitled to receive

those Documents and, upon receipt of the substitute Documents, shall

return or destroy the improperly-designated Documents.

9. If a Party files with the Court a Document containing Confidential

information, it shall do so in accordance with the requirements of

D.C.COLO.L.CivR 7.2, with an accompanying Motion to Restrict Access

and a designation of the level of restriction sought. Filing under seal shall

be without prejudice to any Party's right to argue to the Court that such

document is not confidential and need not be preserved under seal.

10. A Party may object to the designation of particular Confidential

information by giving written notice to the Party designating the disputed

information. The written notice shall identify the information to which the

objection is made. If the Parties cannot resolve the objection within ten

(10) business days after the time the notice is received, it shall be the

obligation of the Party designating the information as Confidential to file an

appropriate motion within thirty (30) days after the conclusion of the ten

(10) business days requesting that the Court determine whether the disputed

information should be subject to the terms of this Protective Order. If such

a motion is not timely filed, the disputed information shall not be treated as

Confidential under the terms of this Protective Order. If a motion is timely

filed, the disputed information shall be treated as Confidential under the

8

terms of this Protective Order until the Court rules on the motion.  In connection with a motion filed under this provision, the Party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

11.   If Documents or information subject to any legally cognizable privilege or evidentiary protection (including, but not limited to, the attorney-client privilege or the work-product doctrine) are inadvertently disclosed, such disclosure alone shall not constitute a waiver of any claim of privilege or protection for such Documents.  Promptly upon discovery of such inadvertent disclosure, the disclosing Party shall advise the receiving Party in writing of the claim of privilege or immunity from discovery and the basis for it. Within 14 days of receiving such written that an inadvertent production has occurred, the receiving Party shall sequester the inadvertently produced documents or information, including all copies.  If the receiving Party disclosed or distributed the documents before being notified of the inadvertent disclosure, it must take reasonable steps to retrieve the inadvertently produced documents, including all copies.  If the receiving Party disputes the disclosing Party's claim or believes the protection has been waived, the Parties shall promptly meet and confer, and

9

if they cannot resolve the issue, the disclosing Party may thereafter present the information to the Court for determination of the claim of privilege.

12. If any Document is offered at a deposition or as an exhibit to dispositive motion papers, and the designating Party claims that the Document was inadvertently produced and is subject to the attorney-client privilege and/or work-product protection or other immunity from disclosure, all Parties shall still comply with Fed. R. Civ. P. 26(b)(5)(B) and paragraph 10.

13. Within 60 days of the termination of this Action, including any appeals, each receiving Party shall either destroy or return to the producing Party all Documents designated as Confidential and all copies of such Documents, and shall destroy all extracts and/or data taken form such documents. Each Party shall provide a certification as to such return or destruction within the 60-day period. Except, however, Attorneys shall be entitled to retain copies of Confidential Documents produced during discovery in this matter, as well as a set of all documents filed with the Court, any attorney work product, transcripts or Court opinions and orders, and all correspondence generated in connection with the Action until 10 years following termination of this Action at which time the Attorneys shall destroy or

return to the producing Party the Confidential Documents and will, upon

request, provide certification as to such return or destruction.

14.   Any Party may apply to the Court for a modification of this Protective

Order, and nothing in this Protective Order shall be construed to prevent a

Party from seeking such further provisions enhancing or limiting

confidentiality as may be appropriate.

15.   No action taken in accordance with this Protective Order shall be construed

as a waiver of any claim or defense in the Action or of any position as to

discoverability or admissibility of evidence.

16.   The obligations imposed by this Protective Order shall survive the

termination of this Action. .

Done This 27ᵀᴴ Day of January 2016.

By The Court.

11

Respectfully submitted this 26th day of January, 2016.

                          s/ Stephen D. Bell
                          Stephen D. Bell
                          **DORSEY & WHITNEY LLP**
                          1400 Wewatta Street, Suite 400
                          Denver, CO 80202
                          Telephone: 303-629-3400
                          Fax: 303-629-3450
                          Email: bell.steve@dorsey.com

                          Kristin K. Zinsmaster
                          **DORSEY & WHITNEY LLP**
                          50 South Sixth Street, Suite 1500
                          Minneapolis, MN 55402
                          Telephone: 612-340-2600
                          Fax: 612-340-8738
                          Email: zinsmaster.kristin@dorsey.com

                          **Attorneys for Defendants Quanta Field
                          Services, Inc. and Quanta Power, Inc.**

<u>s/ Mari Newman</u>
Mari Newman
Darold W. Killmer
Casey Rose Denson
Killmer, Lane & Newman, LLP
1543 Champa Street, Suite 400
Denver, CO 80202
Telephone: 303-571-1000
Fax: 303-571-1001
Email: mnewman@kln-law.com
        dkillmer@kln-law.com
        cdenson@kln-law.com


Marcel A. Quinn
100 Financial Drive, Suite 100
P.O. Box 7310
Kalispell, MT 59904
Telephone: 406-755-2225
Fax: 406-755-5155
Email: marcelquinn@attorneysmontana.com

**Attorneys for Plaintiff**
**Andrew Techmanski**

**EXHIBIT A**

**WRITTEN ASSURANCE**

_____ declares that:

I reside at _____ in the City of _____,

County of _____, State of _____.   My telephone

number is _____.

I am currently employed by _____, located at

_____, and my current job title is

_____.

I have read and I understand the terms of the Protective Order dated

_____, filed in the case of _Andrew Techmanski v. Quanta Field Services,

Inc. and Quanta Power, Inc._, Case No. 15-CV-02432-DME-MJW (D. Colo.).   I agree to

comply with and be bound by the provisions of the Protective Order.   I understand that any

violation of the Protective Order may subject me to sanctions by the Court.

I will not disclose any information or item that is designated Confidential to any

person or entity except in compliance with the provisions of the Protective Order.   I shall

not copy or use such documents except for the purposes of this action and pursuant to the

terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action,

I shall return or destroy any documents in my possession designated Confidential, and all

copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents, to the Attorney from whom I received them.

I submit myself to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on: _____      _____
                        (Date)                                    (Signature)